UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-CR-60322-COHN

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

RAOUL WEIL,

    Defendant

_____/

**AFFIDAVIT OF DAVID S. MANDEL IN SUPPORT OF DEFENDANT'S UNOPPOSED MOTION TO CONTINUE TRIAL AND TO EXTEND THE DEADLINE FOR THE FILING OF PRE-TRIAL MOTIONS**

**DAVID S. MANDEL** declares under penalty of perjury pursuant to 28 U.S.C. § 1746, and pursuant to Local Rule 7.6, as follows:

1. I am an attorney admitted before this Court and a partner of the law firm of Mandel & Mandel LLP. I respectfully submit this affidavit in support of Defendant's Unopposed Motion to Continue Trial and To Extend the Deadline for the Filing of Pre-Trial Motions filed in Case Number 08-CR-60322.

2. This case arises from an Indictment charging Mr. Weil with one count of conspiracy to violate the tax laws of the United States in violation of 18 U.S.C. § 371.

3. Mr. Weil made his initial appearance before this Court on December 16, 2013, and was granted bail. Mr. Weil was arraigned on the within indictment and entered a plea of not guilty on January 7, 2014.

4. On January 7, 2014, this Court entered an Order setting trial during the two-week period commencing February 18, 2014.

5. On December 23, 2013, pursuant to Rule 16 of the Federal Rules of Criminal Procedure, the Government made an initial document production to Mr. Weil totaling 55,918 pages. Nearly all of the documents in this first production were produced in electronic form.

6. On January 17, 2014, pursuant to Rule 16 of the Federal Rules of Criminal Procedure and Local Rule 88.10 of this Court, the Government made a second document production to Mr. Weil, all in electronic form, totaling approximately 4,000,000 (four million) pages.

7. On January 22, 2014, the Government advised Mr. Weil and the Court that it was still in the process of reviewing additional materials in the case files of the law enforcement agents who have been working on investigations related to UBS as well as investigative files concerning other UBS bankers and that it will be providing additional discovery to Mr. Weil in the future on a rolling basis.

8. The Government's combined production to date includes corporate and account records of UBS AG, IRS records concerning UBS AG's cross-border banking business, and documents produced to the United States Senate Permanent Subcommittee on Investigations in connection with an investigation into tax havens and tax compliance. The Government's production is voluminous and complex and contains an as-yet-unknown number of documents in German.

9. Pursuant to Local Rule 88.9, the parties have conferred in good faith on the issues raised in this motion. Due to the complexity of the issues presented, the volume and complexity of the documents already produced and the complexity in general of discovery in this case, the parties jointly request that, this Court continue trial for several months and extend the deadline for filing pre-trial motions accordingly.

10. Mr. Weil anticipates that reviewing the approximately 4 million pages of documents produced by the Government will take a minimum of 6 months (assuming a review rate of more than 30,000 pages per business day). Counsel for Mr. Weil has

advised the Government that the documents produced as part of the Government's combined production lack associated metadata, including custodian fields that would reflect the identify of the person who sent and the person or persons who received each electronic communication, as well as other important identifying details reflecting when documents were created or modified and by whom. The defense's inability to search, sort and prioritize the documents produced in discovery by using the information ordinarily found in common metadata fields of electronic documents will pose significant additional challenges to the defense's review of the documents and will make that review more unwieldy, expensive and time consuming.

11. In addition, Mr. Weil anticipates that he may need to seek the Court's assistance in obtaining discovery overseas for use by the defense at trial. Such foreign discovery may require Mr. Weil to apply for the issuance of Letters Rogatory to one or more foreign countries. Although Mr. Weil intends to pursue the possibility of obtaining foreign discovery in parallel with the defense's document review, the effort to obtain discovery overseas is likely to consume several months. Moreover, because Mr. Weil anticipates that his discovery objectives may evolve as the document review progresses and names of potential witnesses are uncovered, at least some part of the effort to pursue discovery overseas will necessarily continue after the point at which all of the documents produced in discovery have been reviewed.

12. Due to the challenges and complexities of document review, as well as the likely need to pursue foreign discovery (after which the defense will still need some weeks to take depositions, prepare motions, and make final preparations for trial), Mr. Weil has advised the Government that he needs a minimum of nine full months to prepare effectively for trial.

13. The Government has advised Mr. Weil that, because of the holidays, it would prefer that trial commence in October 2014.

14. The parties anticipate that, absent special circumstances, no further requests for continuance will be made.

Dated:     Miami, Florida
           February 4, 2014

                              By  /s/ David S. Mandel
                                 David S. Mandel
                                 169 E. Flagler Street
                                 Suite 1200
                                 Miami FL, 33131
                                 (305) 374-7776
                                 dmandel@mandel-law.com