UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-60322-CR-COHN

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

RAOUL WEIL,

    Defendant.

_____/

**DEFENDANT RAOUL WEIL'S MOTION TO DISMISS INDICTMENT
PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 12(b)(3)(B)
FOR FAILING TO STATE AN OFFENSE**

Defendant Raoul Weil respectfully requests that the Court dismiss the Indictment pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B) on the basis that it fails to state an offense under 18 U.S.C. § 371.  Section 371 prohibits two types of conspiracies: conspiracies "to commit any offense against the United States" and conspiracies "to defraud the United States, or any agency thereof in any manner or for any purpose."  The Indictment against Mr. Weil charges him with something else: a conspiracy not to defraud the United States of money or property, but a conspiracy to "defraud the United States and an agency thereof, to wit, the Internal Revenue Service of the United States Department of Treasury in the ascertainment, computation, assessment and collection of federal income taxes."  Indictment ¶ 12 (DE 3).  Because there is no viable reading of Section 371 under which these allegations would state an offense, the Indictment against Mr. Weil is legally infirm and should be dismissed.

1

**BACKGROUND**

While the Indictment alleges many other things, it does not allege that Mr. Weil ever "deprive[d] another of property rights by dishonest means[,]" the common law definition of the phrase *to defraud*. *United States v. Coplan*, 703 F.3d 46, 59 (2d Cir. 2012); *see also McNally v. United States*, 483 U.S. 350, 358-59 (1987), *superseded by statute on other grounds*, Anti-Drug Abuse Act of 1988, Pub. L. No. 100-690, 102 Stat. 4508 (codified as amended at 18 U.S.C. § 1346 (2012)) ("As the Court long ago stated, [] the words 'to defraud' commonly refer to wronging one in his property rights by dishonest methods or schemes and usually signify the deprivation of something of value by trick, deceit, chicane or overreaching.") (citation omitted). Instead, the Indictment relies on a judicially and specially crafted definition of "defraud" that includes "interfer[ing] with or obstruct[ing] one of [the Government's] lawful . . . functions by deceit, craft or trickery, or at least by means that are dishonest." *United States v. Klein*, 247 F.2d 908, 916 (2d Cir. 1957) (quoting *Hammerschmidt v. United States*, 265 U.S. 182, 188 (1924)); *see also United States v. Medina*, 485 F.3d 1291, 1297 (11th Cir. 2007) (same).

This construction of Section 371 is a well-used one, based on Supreme Court precedents a century or more old. *See Coplan*, 703 F.3d at 60. These precedents, however, are growing more and more threadbare in light of Supreme Court decisions over the last several decades that have rejected similarly expansive definitions of the term "defraud" in other statutes and even more recent decisions that have pared back broad judge-made theories of liability on due process grounds. *See id.* at 61; *see also Skilling v. United States*, 561 U.S. 358, 408-09 (2010) (rejecting broad interpretation of "honest services fraud" on due process grounds); *McNally*, 483 U.S. at 356-60 (rejecting definition of defraud that encompassed more than property rights). Even the Second Circuit, which

first articulated the *Klein* doctrine, has recognized it as "textually unfounded" and has only continued to follow it out of respect for *stare decisis*. *Coplan*, 703 F.3d at 61.

While this Court and the Eleventh Circuit have both recognized *Klein* as stating a valid theory of Section 371 liability in the past, the jurisprudential underpinnings of these decisions are no longer sound in light of *Skilling* and *McNally*, if in fact they ever were.

## ARGUMENT

In the Eleventh Circuit, "an indictment may be dismissed only if there is an 'infirmity of law in the prosecution.'" *United States v. Belcher*, 927 F.2d 1182, 1185 (11th Cir. 1991) (quoting *United States v. Torkington*, 812 F.2d 1347, 1354 (11th Cir. 1987)). This includes "claims that the applicable statute is unconstitutional or that the indictment fails to state an offense." *United States v. Ferguson,* 142 F. Supp. 2d 1350, 1354 (S.D. Fla. 2000) (citation omitted). The Indictment in this case suffers from a fatal "infirmity of law" because there is no viable interpretation of Section 371 under which the Government's allegations, taken as true, state an offense.

First, the expansive reading of the phrase "to defraud" in Section 371 is "textually unfounded" and also lacks support in "plain meaning, legislative history, or interpretive canons." *Coplan*, 703 F.3d at 59-61. The broad reading given to the statute in *Klein* defies the "well-established rule of construction that where Congress uses terms that have accumulated settled meaning under . . . the common law, a court must infer, unless the statute otherwise dictates, that Congress means to incorporate the established meaning of these terms." *Id*. at 59; *see also McNally*, 483 U.S. at 356-60 (construing fraud statute to encompass only protection of property rights, and not "the intangible right of the citizenry to good government," when text of statute did not clearly refer to intangible rights).

Second, the *Klein* conspiracy doctrine is in direct conflict with the Supreme Court's decision in *Skilling*, 561 U.S. at 402-09, in which the Court again pared back a broad reading of the phrase "scheme or artifice to defraud[,]" this time found in 18 U.S.C. § 1346, to save it from otherwise fatal vagueness and due process concerns. The gloss placed on Section 371 by *Klein* also works to create an offense that is not "sufficient[ly] defin[ed so] that ordinary people can understand what conduct is prohibited" and thus invites "arbitrary and discriminatory enforcement" that renders it constitutionally invalid. *Skilling,* at 402-03.

Third, the *Klein* theory violates the rule of lenity, which "requires ambiguous criminal laws to be interpreted in favor of the defendants subjected to them." *United States v. Santos*, 553 U.S. 507, 514 (2008). A violation of this rule raises its own due process concerns separate and apart from mere vagueness. *See United States v. Wright*, 607 F.3d 708, 716-17 (11th Cir. 2010) (citing *United States v. Wiltberger*, 18 U.S. 76, 95 (1820)) (rule "serves two constitutional principles—due process of law and separation of powers"). Additionally, the idea that the phrase "to defraud" can encompass the amorphous standard of obstructing a government function runs afoul of the prohibition on judicially-created, common-law crimes. *See Rogers v. Tennessee*, 532 U.S. 451, 476 (2001) (Scalia, J., dissenting) ("the notion of a common-law crime is utterly anathema" in modern law); *see also Coplan*, 703 F.3d at 61 ("the Klein conspiracy is a common law crime, created by the courts rather than by Congress. That fact alone warrants considerable judicial skepticism.")

The Defense appreciates that numerous precedents exist that are in tension with the positions taken above. *See, e.g., Haas v. Henkel*, 216 U.S. 462, 479 (1910) (adopting broad definition of "defraud" to include "impairing, obstructing, or defeating the lawful

4

function of government"); *Hammerschmidt*, 265 U.S. at 188 (to defraud "means to interfere with or obstruct one of [the government's] lawful . . . functions by deceit, craft or trickery, or at least means that are dishonest."); *Medina*, 485 F.3d at 1297 (quoting *Hammerschmidt*, 265 U.S. at 188).  This conflict, between the plain meaning of Section 371 and the outdated judicial gloss that has been put upon it by pre-*Skilling* courts, is ripe for adjudication, however, and the Defense therefore respectfully asks the Court to dismiss the Indictment since it fails to state an offense.

    Respectfully submitted,

Aaron R. Marcu, *pro hac vice*
Kimberly Zelnick, *pro hac vice*
FRESHFIELDS BRUCKHAUS DERINGER LLP
601 Lexington Avenue
New York, NY 10022
Telephone: 212.284.4954
aaron.marcu@freshfields.com
kimberly.zelnick@freshfields.com

Matthew Menchel
Adriana Riviere-Badell
KOBRE & KIM LLP
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: 1.305.967.6108
mathew.mandell@kobrekim.com

By: /s/ Matthew Menchel
Matthew Menchel
Florida Bar No. 12043
*Counsel for the Defendant Raoul Weil*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. I further certify that the foregoing document is being served on all counsel of record identified on the list below via transmission of Notices of Electronic Filing generated by CM/ECF.

Mark F. Daly
US Department of Justice
Tax Division
601 D Street NW
Room 7334
Washington, DC 20579
Telephone: 202.616.2245
mark.f.daly@usdoj.gov

Jason Poole
US Attorney's Office
Department of Justice, Tax Division
601 D Street NW
Washington, DC 20004
jason.h.poole@usdoj.gov

By: /s/ Matthew Menchel