UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-60322-CR-COHN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RAOUL WEIL,

    Defendant.
_____/

## ORDER DENYING MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Raoul Weil's Motion to Dismiss Indictment Pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B) for Failing to State an Offense [DE 148] ("Motion"). The Court has reviewed the Motion and the record in this case, and is otherwise advised in the premises. For the reasons set forth herein, the Court will deny the Motion.

Weil is accused in this case of conspiring to defraud the U.S. Internal Revenue Service ("IRS") under 18 U.S.C. § 371. DE 3 ("Indictment") ¶¶ 11–16. In the Motion, Weil now moves to dismiss the Indictment under Rule 12(b)(3)(B) of the Federal Rules of Criminal Procedure for failure to state an offense. Weil specifically argues that the Government's theory of the case fails as a judge-made theory of criminal liability that finds no support in the text of section 371.

Rule 88.9(c) of this Court's Local Rules provides that motions in criminal cases, other than motions arising from a post-arraignment event, shall be filed within 28 days from arraignment. Arraignment in this case took place on January 7, 2014, thus pretrial motions were due by February 4, 2014. See DE 28 at 3. The Court subsequently

extended the deadline for filing such motions until July 14, 2014. DE 60. However, Weil waited until October 14, 2014—the first day of trial—to file his Motion seeking dismissal of the Indictment. Accordingly, the Court will deny the Motion as untimely under the Court's Local Rules and prior scheduling orders.

However, a review of the Motion demonstrates that it also fails on its merits. Weil was indicted under 18 U.S.C. § 371, which prohibits conspiracies to defraud the United States and its agencies. Indictment ¶¶ 11–13. Weil contends that the common-law definition of "defraud" is to "deprive[] another of property rights by dishonest means." Motion at 2 (quoting United States v. Coplan, 703 F.3d 46, 59 (2d Cir. 2012), cert. denied, 134 S. Ct. 71 (2013)). Weil notes that the Government does not allege that he deprived the IRS of property rights by dishonest means, and thus he is not accused of having conspired to defraud the IRS in the traditional sense. "Instead, the Indictment relies on a judicially and specially crafted definition of 'defraud' that includes 'interfer[ing] with or obstruct[ing] one of the [U.S. government's] lawful . . . functions by deceit, craft or trickery, or at least by means that are dishonest.'" Id. (quoting United States v. Klein, 247 F.2d 908, 916 (2d Cir. 1957)). This specific theory of fraud against the United States and its agencies—involving not the deprivation of property but instead the obstruction of governmental functions—has come to be known as the "Klein conspiracy." See United States v. Adkinson, 158 F.3d 1147, 1154–55 (11th Cir. 1998).

Weil argues that the Klein conspiracy violates a prohibition on judge-made, common-law crimes. Weil also argues that any ambiguity in the text of section 371 should be interpreted in favor of defendants under the rule of lenity, and the broad interpretation of the term "defraud" that gives life to the Klein conspiracy violates this

2

rule. Motion at 4. Finally, Weil argues that recent Supreme Court precedent rejecting a broad interpretation of honest-services fraud robs the Klein conspiracy of any remaining viability. Id. at 2–3 (citing Skilling v. United States, 561 U.S. 358 (2010)).

In the Motion, Weil leans heavily upon the Second Circuit's criticisms of the Klein conspiracy in Coplan, 703 F.3d 46, to support his argument that the theory must fail as a judge-made basis for criminal liability without a foundation in the text of the criminal statutes. But in Coplan, the Second Circuit ultimately held that the Klein conspiracy was firmly entrenched in the Supreme Court's and the Second Circuit's precedents, and remained viable notwithstanding the Supreme Court's recent decision in Skilling. 703 F.3d at 61–62. Shortly thereafter, the Supreme Court declined to hear an appeal from the Second Circuit's decision. Coplan, 134 S. Ct. 71.

Like the Second Circuit, the Eleventh Circuit has recognized the Klein conspiracy as a basis for criminal liability subsequent to the Supreme Court's holding in Skilling. See United States v. Kottwitz, 614 F.3d 1241, 1264–66 (11th Cir.), modified on other grounds, 627 F.3d 1383 (11th Cir. 2010). Therefore, though Weil may have a non-frivolous argument for the rejection of the Klein conspiracy, this Court agrees with the holding of the Second Circuit in Coplan: "such arguments are properly directed to a higher authority." 703 F.3d at 62. It is accordingly

**ORDERED AND ADJUDGED** that Defendant Raoul Weil's Motion to Dismiss Indictment Pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B) for Failing to State an Offense [DE 148] is **DENIED** both as untimely and on its merits.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 15th day of October, 2014.

                                                            JAMES I. COHN
                                                            United States District Judge

Copies provided to:
Counsel of record via CM/ECF