UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-60322-CR-COHN

UNITED STATES OF AMERICA,

      Plaintiff,

v.

RAOUL WEIL,

      Defendant.

_____/

## COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

It is my duty to instruct you on the rules of law that you must use in deciding this case. After I have completed these instructions, you will go to the jury room and begin your discussions – what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

## The Duty to Follow Instructions and the Presumption of Innocence

Your decision must be based only on the evidence presented during the trial. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a Defendant is not evidence of guilt. The law presumes every Defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all.

A Defendant has a right not to testify. In this case, the Defendant did not testify. You are not to consider that in any way while making your decision. Under our Constitution, a Defendant in a criminal case has absolutely no obligation to take the witness stand and testify, and no presumption of guilt may be raised, nor any kind of adverse inference drawn, from the choice of the Defendant not to testify. As I have explained, the law never imposes upon a Defendant in a criminal case the burden or duty of calling any witness or producing any evidence. Therefore, you must not attach any significance to the fact that the Defendant did not testify. No adverse inference against the Defendant may be drawn by you because he did not take the witness stand, and you may not consider it in any way in your deliberations in the jury room. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

2

### Definition of "Reasonable Doubt"

The Government's burden of proof is heavy, but it does not have to prove a Defendant's guilt beyond all <u>possible</u> doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you have carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

## Consideration of Direct and Circumstantial Evidence;
## Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and is not binding on you.

You should not assume from anything I have said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You should not be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There is no legal difference in the weight you may give to either direct or circumstantial evidence.

## Credibility of Witnesses

When I say you must consider all the evidence, I do not mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point does not necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

## Impeachment of Witnesses Because of Inconsistent
## Statements or Felony Conviction

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or did not say or do something, that was different from the testimony the witness gave during this trial.

To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony or a crime involving dishonesty or a false statement.

But keep in mind that a simple mistake does not mean a witness was not telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

## Testimony of Accomplice or Witness with Immunity

You must consider some witnesses' testimony with more caution than others.

For example, witnesses who have been promised immunity from prosecution, witnesses who hope to gain more favorable treatment in their own cases, or witnesses who have made a plea agreement with the Government in exchange for their testimony may have a reason to make a false statement in order to strike a good bargain with the Government.

So while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

And the fact that a witness has pleaded guilty to an offense is not evidence of the guilt of any other person. Similarly, the fact that a person or business paid a fine is not evidence of the guilt or wrongdoing of any other person.

**Charts and Summaries – Not Admitted**

During the trial you have seen counsel use summaries, charts, drawings, or similar materials which were offered to assist in the presentation and understanding of the evidence, but which were not admitted as evidence. This material is not itself evidence and must not be considered as proof of any facts.

## Publicity

Your verdict must be based solely on the evidence presented in this courtroom in accordance with my instructions. You must completely disregard any report which you have read in the press, seen on television, read on the Internet, or heard on the radio. Indeed, it would be unfair to consider such reports, since they are not evidence and the parties have no opportunity of contradicting their accuracy or otherwise explaining them away. In short, it would be a violation of your oath as jurors to allow yourselves to be influenced in any manner by such publicity.

### Improper Considerations – National Origin and Nature of Crime

As I have explained, your verdict must be based solely on the evidence developed at trial, or the lack of evidence.

It would be improper for you to consider, in reaching your decision as to whether the Government sustained its burden of proof, any personal feelings you may have about the Defendant's national origin. It would be equally improper for you to allow any feelings you might have about the nature of the crime charged to interfere with your decision-making process.

Again, your verdict must be based exclusively upon the evidence or the lack of evidence in the case.

**Note-taking**

You have been permitted to take notes during the trial. Most of you – perhaps all of you – have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

## Introduction to Offense Instructions

The indictment charges a single crime, called a "count," against the Defendant. You will be given a copy of the indictment to refer to during your deliberations.

Count One in the indictment charges that the Defendant knowingly and willfully conspired to defraud the Internal Revenue Service of the U.S. Department of Treasury. The indictment charges that it was an object of the conspiracy that the Defendant and other alleged co-conspirators acted to increase the profits of UBS by providing unlicensed and unregistered banking services and investment advice in the United States, and by other acts intended to conceal from the Internal Revenue Service the identities of the bank's U.S. clients, who willfully evaded their income tax obligations by, among other things, filing false income tax returns and failing to disclose the existence of their UBS accounts to the Internal Revenue Service.

Please note that the Defendant is not charged with a substantive violation of the tax laws.

### Conspiracy to Defraud the United States
### 18 U.S.C. § 371 (Second Clause)

It is a Federal crime for anyone to conspire or agree with someone else to defraud the United States or any of its agencies.

To "defraud" the United States means to cheat the Government out of property or money or to interfere with any of its lawful governmental functions by deceit, craft, or trickery.

A "conspiracy" is an agreement by two or more persons to commit an unlawful act. In other words, it is a kind of partnership for criminal purposes. Every member of the conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that all the people named in the indictment were members of the plan, or that those who were members made any kind of formal agreement. The heart of a conspiracy is the making of the unlawful plan itself, so the Government does not have to prove that the conspirators succeeded in carrying out the plan.

The Government does not have to prove that the members planned together all the details of the plan or the "overt acts" that the indictment charges would be carried out in an effort to commit the intended crime.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

First:      Two or more people in some way agreed to try to
            accomplish a shared and unlawful plan;

Second:     The Defendant knew the unlawful purpose of the plan and
            willfully joined in it;

Third:    During the conspiracy, one of the conspirators knowingly engaged in at least one overt act described in the indictment; and

Fourth:    The overt act was knowingly committed at or about the time alleged and with the purpose of carrying out or accomplishing some object of the conspiracy.

An "overt act" is any transaction or event, even one which may be entirely innocent when viewed alone, that a conspirator commits to accomplish some object of the conspiracy.

A person may be a conspirator even without knowing all the details of the unlawful plan or the names and identities of all the other alleged conspirators.

If the Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan – and willfully joined in the plan on at least one occasion – that is sufficient for you to find the Defendant guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests does not establish proof of a conspiracy. Also, a person who does not know about a conspiracy but happens to act in a way that advances some purpose of one does not automatically become a conspirator.

**Multiple Conspiracies**

Proof of several separate conspiracies is not proof of the single, overall conspiracy charged in the indictment unless one of the several conspiracies proved <u>is</u> the single overall conspiracy.

You must decide whether the single overall conspiracy charged existed between two or more conspirators. If not, then you must find the Defendant not guilty of that charge.

But if you decide that a single overall conspiracy did exist, then you must decide who the conspirators were. And if you decide that the Defendant was a member of some other conspiracy – not the one charged – then you must find the Defendant not guilty.

So to find the Defendant guilty, you must all agree that the Defendant was a member of the conspiracy charged – not a member of some other separate conspiracy.

**Unindicted, Unnamed, or Separately Tried Co-Conspirators**

Now, some of the people who may have been involved in these events are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted together, or tried together in one proceeding.

**On or About; Knowingly; Willfully – Intentional Violation of a Known Legal Duty**

You will see that the indictment charges that a crime was committed "on or about" a certain date. The Government does not have to prove that the crime occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

The word "willfully" means that the act was done voluntarily and purposely with the specific intent to violate a known legal duty, that is, with the intent to do something the law forbids. Disagreement with the law or a belief that the law is wrong does not excuse willful conduct.

## Good-Faith Defense to Willfulness

Good faith is a complete defense to the charge in the indictment since good faith on the part of the Defendant is inconsistent with willfulness, and willfulness is an essential part of the charge. If the Defendant acted in good faith, sincerely believing himself to be acting in compliance with the law, then the Defendant did not intentionally violate a known legal duty – that is, the Defendant did not act "willfully." The burden of proof is not on the Defendant to prove good-faith intent because the Defendant does not need to prove anything. The Government must establish beyond a reasonable doubt that the Defendant acted willfully as charged.

Intent and motive must not be confused. "Motive" is what prompts a person to act. It is why the person acts.

"Intent" refers to the state of mind with which the act is done.

If you find beyond a reasonable doubt that the Defendant specifically intended to do something that is against the law and voluntarily committed the acts that make up the crime, then the element of "willfulness" is satisfied, even if the Defendant believed that violating the law was required or that ultimate good would result. If, however, you find that the Defendant acted with good faith, then the element of "willfulness" cannot be satisfied, and you must find him not guilty.

## Defense Theory of the Case

It is Mr. Weil's defense that certain client advisors in the U.S. cross-border business and their direct supervisors, including Hansruedi Schumacher and Martin Liechti, engaged in various types of misconduct at UBS in connection with accounts of U.S. customers, including the promotion and use of sham corporate structures and the transportation of cash into the United States.

It is further part of Mr. Weil's defense that this misconduct was in direct violation of UBS's policies and rules, including the U.S. Country Papers, and was done without Mr. Weil's knowledge or approval. This misconduct was not reported to Mr. Weil and was concealed by those who committed the misconduct.

It is further part of Mr. Weil's defense that Mr. Weil was also advised by lawyers for UBS that the existence of the U.S. cross-border business, including the non-W9 business, was agreed to by the IRS and permitted by the QI Agreement and U.S. tax law. Lawyers and subordinates also advised Mr. Weil that the U.S. cross-border business, including the non-W9 business, was operated in a way that was compliant with the QI Agreement and U.S. tax law.

**Good-Faith Reliance upon Advice of Counsel**

Evidence that the Defendant in good faith followed the advice of counsel would

be inconsistent with the element of willfulness. Willfulness has not been proved if the

Defendant, before acting:

- Made a full and complete good-faith report of all material facts to an attorney he considered competent;

- Received the attorney's advice as to the specific course of conduct that was followed; and

- Reasonably relied upon that advice in good faith.

### Caution: Punishment

I caution you that the Defendant is on trial only for the specific crime charged in the indictment. You are here to determine from the evidence in this case whether the Defendant is guilty or not guilty of that specific crime.

At times during this trial, the lawyers or witnesses have referred to "unlicensed" or "unregistered" banking, investment, or securities services UBS provided to its U.S. customers. The witnesses have sometimes referred to a concept called "deemed sales." But the Defendant is not on trial for violating banking, investment, or securities laws, or what has been referred to as deemed sales. He is on trial only for a conspiracy to defraud the Internal Revenue Service by assisting U.S. clients to evade their income-tax obligations. The Government argues that UBS hid its banking and investment services from the United States because it did not want the Internal Revenue Service to know about its U.S. customers and their accounts. You may therefore consider whether any banking, investment, or securities services UBS provided for its U.S. clients were unregistered or unlicensed for the purpose of helping the clients evade taxes. But what you may not do is find the Defendant guilty in this case based upon any violations of U.S. banking, investment, or securities laws, or what has been referred to as deemed sales. Only an agreement to defraud the Internal Revenue Service relating to the collection of federal income taxes can support a guilty verdict.

You must never consider punishment in any way to decide whether the Defendant is guilty or not guilty. If you find the Defendant guilty, the punishment is for the Judge alone to decide later.

## Duty to Deliberate

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree. Your deliberations are secret, and you will never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you are discussing the case, do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you are judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

## Verdict

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

### [Explain verdict.]

Take the verdict form with you to the jury room. When you have all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you will return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal. The marshal will bring it to me and I will respond as promptly as possible – either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.